

ENTERED
07/01/2008

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                                    )
IN RE                               )
                                    )
VIKING OFFSHORE (USA) INC.,         )   CASE NO. 08-31219-H3-11
                                    )
        Debtor,                     )
                                    )
VIKING CENTURY, INC.,               )
                                    )
        Plaintiff,                  )
v.                                  )   ADV. NO. 08-3198
                                    )
ODIN RIG SERVICES, INC.,            )
                                    )
        Defendant.                  )
                                    )
```

MEMORANDUM OPINION

The court has considered the "Debtors' Application for Temporary Restraining Order Pursuant to Section 105(a) of the United States Bankruptcy Code, Rule 65 of the Federal Rules of Civil Procedure and Rule 7065 of the Federal Rules of Bankruptcy Procedure" (Docket No. 3). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment has been entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Viking Offshore (USA) Inc., Viking Producer Inc., Viking Prospector Inc., Viking Century Inc., and Viking Drilling ASA ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 29, 2008. The cases were jointly administered, by order entered March 4, 2008, and have been designated as a complex Chapter 11 case, by order entered March 10, 2008.

In the instant motion, Debtors seek a temporary restraining order enjoining Defendant from "destroying, deleting, or otherwise failing to preserve any e-mails related to the refurbishment of the VIKING PRODUCER." Debtors also seek an injunction requiring Defendant to turn over "e-mails related to Debtors' contract with Bodewes," "mirror image copies of any and all electronic data produced or stored on any and all computer hard drives, servers, CDs, diskettes, memory sticks, PDAs, and/or laptop computers used by Mr. Dan Becker," and "any other e-mails, databases, word documents, excel spreadsheets, books, records, or electronic data related to Viking." The court has treated the instant motion as one for a preliminary injunction.

Debtors contend that, under their contract with Odin, all of the emails and documents stored on Odin's computer system attributable to the Odin personnel who worked on Debtors' project are property of the bankruptcy estate. Debtors assert that they

2

need access to emails related to Debtors' contract with Bodewes, because they anticipate expedited litigation with Bodewes.[1]

Odin does not oppose turnover of the emails and documents on its computer system.  However, Odin asserts that it has been required to hire an outside consultant to review the data prior to turnover to Debtors, and asserts that Debtors must pay for the consultant's review of the data prior to its turnover.

Mario Zamarripa, the consultant hired by Odin, testified that Odin's electronic documents and Debtors' electronic documents are stored together on a server located in Galveston, Texas, with a backup server in Houston, Texas.  He testified that the documents are presently available to Debtors.

Zamarripa testified that emails are stored on a third-party system, which is the functional equivalent of Odin's own server.  He testified that he downloaded emails from the third-party server, separated the emails into those he believes are Debtors' emails from those he believes are Odin's emails.

Odin argues that the necessity of some of Zamarripa's review of the emails arises from Odin's concern regarding turning over to Debtors of personal information that may be contained in

---

[1] The court notes that Debtors have separately pled that Bodewes, in liquidation in the Netherlands, has seized and purportedly sold to a third party several pieces of equipment purportedly purchased by Debtor.  (Docket No. 166, Case No. 08-31219-H3-11).

the emails.  Odin also argues that not all the requested documents and emails are property of the estate, because some may not contain Debtor's confidential business information and trade secrets.

Zamarripa testified that Odin has previously paid him approximately $13,000 to review the emails.  He testified that he anticipates additional expenses of $5,000 to $6,000 to complete the work.

The "Amended and Restated Rig Refurbishment Management Agreement" provides in pertinent part:

> 5.05 <u>Code of Conduct.</u>  In providing the services required of it under this Agreement the Manager shall be guided by and shall comply with the Code of Conduct attached as Exhibit C to this Agreement.[2]
>
> 6.   <u>Fees and Costs.</u>  As consideration for the performance by the Manager of its obligations under this Agreement Viking USA shall pay the manager as follows:
>
> * * *
>
> 6.02 <u>Third Party Expenses.</u>  Viking USA shall reimburse the Manager for the costs of all third party services engaged by the Manager in connection with the performance of this Agreement.
>
> * * *
>
> Exhibit C to Amended and Restated Rig Refurbishment Management Agreement.  Viking Offshore (USA), Inc. Code of Conduct, Adopted Effective January 2, 2007.
>
> * * *
>
> All documents, drawings, memoranda, notes, records,

---

[2] The agreement defines Odin to be the Manager.

>           files, correspondence, manuals, models, specifications,
>           computer programs, e-mail, voice mail, electronic
>           databases, maps, and all other writings or materials of
>           any type made by, or coming into possession of,
>           employee during the period of employee's employment by
>           the Company which contain or disclose confidential
>           business information or trade secrets of the Company
>           shall be and remain the property of the Company.

(Debtor's Exhibit 1).

Conclusions of Law

In determining whether to grant injunctive relief, the court considers whether there is a substantial likelihood that the movant will prevail on the merits; whether there is a substantial threat that the movant will suffer immediate and irreparable injury if the injunction is not granted; whether the threatened injury to the movant outweighs the threatened harm an injunction may cause the party opposing the injunction; and whether the granting of the injunction will not disserve the public interest. Commonwealth Life Ins. Co. v. Neal, 669 F.2d 300 (5th Cir. 1982).

On the question of whether there is a substantial likelihood that Debtor will prevail on the merits, the evidence is mixed. Debtor contends that all the information contained in the documents and emails is property of the bankruptcy estate. Although Defendant contends that not all the information contained in the documents and emails is property of the bankruptcy estate, Defendant has expressed a willingness to produce those documents, subject to review by, and payment to,

Zamarripa.  None of the emails or documents have been presented to this court, to allow the court to make a factual determination as to whether all, or fewer than all, of the emails are property of the bankruptcy estate.  Nevertheless, it is clear that some of the documents and emails are property of the bankruptcy estate, and thus the court concludes that there is a substantial likelihood that Debtors will prevail, at least in part, on the merits.

It is clear, in the instant case, that there is a substantial threat that Debtors will suffer immediate and irreparable harm.  The Bodewes litigation appears to concern equipment necessary for Debtors to refurbish its drilling rigs and propose a plan of liquidation.

There are no public interest considerations present in the instant case.

On the question of whether the threatened injury to the movant outweighs the threatened harm an injunction may cause the party opposing the injunction, the court finds a balance of harms.  The court concludes that Odin should be required to turn over to Debtors the documents and emails requested.  However, in light of the balance in the harms to Debtors and Odin, and the necessity for immediate turnover, the court concludes that Debtors must initially reimburse Odin for the services rendered by Zamarripa to date.  Such reimbursement is without prejudice to

a determination, at the time of trial, of whether Odin must refund the reimbursement to Debtor.³

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on July 1, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

---

³The court will order separately turnover of the entirety of the documents and emails.  Debtors may choose to review the entirety of the documents and emails themselves, though, as a practical matter, either for economic reasons or potential liability relating to disclosure of personal data, they may conclude that they wish to reimburse Zamarripa for the remainder of the services he had agreed to provide to Odin.